```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                  :
ALEX BABAKHANOV, GITEL STIEL, AND PERRY           :
AVENUE FAMILY MEDICAL, INC.,                      :
                                                  :
                         Plaintiffs,              :        23-cv-2785 (LJL)
                                                  :
         -v-                                      :     MEMORANDUM AND
                                                  :          ORDER
KISHORE AHUJA, M.D. AND RITA AHUJA, M.D.,         :
                                                  :
                         Defendants.              :
                                                  :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2023

LEWIS J. LIMAN, United States District Judge:

Defendants Rita Ahuja and Kishore Ahuja move, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), to compel production from Plaintiffs of electronic medical records in the possession of Plaintiffs. Dkt. No. 22. The motion is denied.

The complaint alleges that Defendants engaged in systemic waste, fraud and abuse in their operations of Perry Avenue Family Medical, Inc. ("PAFM"), which was sold by Defendants to Plaintiffs in a transaction that closed on April 29, 2022. Dkt. No. 6 ¶¶ 1, 13. The billing practices of PAFM are the subject of a review by the New York State Office of the Medicaid Inspector General ("OMIG"). *Id.* ¶¶ 63, 69. Plaintiffs assert that, as a result, the financial statements of PAFM failed to conform to generally accepted accounting principles, *id.* ¶¶ 82, 89, and that Defendants are liable for indemnification under the stock purchase agreement and for damages under theories of breach of express warranty, fraudulent inducement, and faithless servant, among other claims, *id.* ¶¶ 77–108.

Plaintiffs have provided the pertinent patient files from the electronic medical records ("EMR") of PAMF in PDF form. Dkt. No. 22 at 2. Defendants seek an inspection of the electronic medical records in their native form. *Id.*

Federal Rule of Civil Procedure 34(b)(2)(E) sets forth the procedures applicable to the production of electronically stored information ("ESI"). Fed. R. Civ. P. 34(b)(2)(E). It provides in pertinent part that "[u]nless otherwise stipulated or ordered by the court . . .

> (i)  A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form."

*Id.*

"[T]he option to produce [ESI] in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation." Fed. R. Civ. P. 34 Advisory Committee Notes to 2006 Amendment. For example, "'if ESI is kept in an electronically-searchable form, it should not be produced in a form that removes or significantly degrades this feature.'" *Freeman v. Deebs-Elkenaney*, 2023 WL 4409861, at *1 (S.D.N.Y. Mar. 22, 2023) (quoting *Zhulinska v. Niyazov L. Grp., P.C.*, 2021 WL 5281115, at *6 (E.D.N.Y. Nov. 12, 2021)). However, "'[c]ourts in the Second Circuit have denied requests for metadata, even where the metadata itself might have some probative value, where that potential value is outweighed by the cost and burden of production.'" *Zhulinska*, 2021 WL 5281115, at *6

2

(quoting *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 2020 WL 1940557, at *2 (S.D.N.Y. Apr. 22, 2020)) (internal quotation marks omitted).

      Defendants argue that, in addition to the PDF records, they need access to the EMR in native form to (1) see the templates, functions, dropdowns and buttons available when completing a chart; (2) identify who prepared, reviewed, viewed or documented entries in a particular chart; (3) confirm that there are no other records or documents stored on the EMR system which relate to the claims at issue; (4) examine "the full medication records and history maintained by the practice for the entire universe of patients at issue under the Complaint," as well as the OMIG audit and a self-disclosure that was made to the New York State Office of the Inspector General ("OIG"); and (5) obtain access to all medical records for that universe of patients.  Dkt. No. 22 at 2–3.  Plaintiffs counter that Defendants did not request that the ESI be produced in native format and that they have produced the ESI in a reasonably usable form.  They argue that they have produced the ESI in the form that such information is produced in the ordinary course of business to the insurance carriers, OMIG, and OIG.  They respond to Defendants that: (1) templates are modified case by case, are incorporated into the EMR, and are irrelevant to the question of the information recorded in the records; (2) the electronic health records produce indicate the provider who treated the patient and signed the electronic health record; (3) in addition to the electronic health records, Plaintiffs produced any other records, attachments, or documents stored within the EMR for the subject patients; (4) the records produced included the full medication records and history; and (5) Plaintiffs have produced to Defendants the files provided to OIG in the format those files were provided to OIG.  Dkt. No. 24 at 2–3.

Plaintiffs have demonstrated that the requested information has been produced in an ordinary form such information is kept in business and in a reasonably usable form. They also have demonstrated that the documents in PDF form contain all of the information relevant to the litigation. Defendants have not articulated any non-speculative reason to believe that the failure to produce the EMR in native form will make it any more difficult or burdensome for Defendants efficiently to defend against the claims in the complaint. The only information Defendants identify that is not in the PDF documents is the identity of the person who input the information into the EMR, but the PDF documents indicate who signed the electronic health record.[1] The documents have already been produced in PDF form. Further, "'[a] party need not produce the same electronically stored information in more than one form.'" *Freeman v. Deebs-Elkenaney*, 2023 WL 4409861, at *1 (quoting Fed. R. Civ. P. 34 (b)(2)(E)(iii)) (alteration in original). Defendants knew the form in which PAMF kept records. If they wanted the records in native format, they should have asked for such records up front. *See Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 357 (S.D.N.Y. 2008). The Court is convinced that requiring Defendants to reproduce the EMR in native format would impose an undue burden on Plaintiffs far exceeding any value or potential relevance records in that format would have for this litigation. *Id.*; *see In re Payment Card Interchange Fee & Merch. Disc.*, 2007 WL 121426, at *4 (E.D.N.Y. Jan. 12, 2007).

SO ORDERED.

Dated: October 23, 2023
      New York, New York

LEWIS J. LIMAN
United States District Judge

---

[1] Of course, to the extent documents have not been produced during discovery those documents will not be usable at trial except on a showing of good cause.